JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RICHARD BARNES,<br><br>　　　　　Plaintiff,<br>　　v.<br>CORE DISTRIBUTION, INC.; THE SHERWIN-WILLIAMS COMPANY; and DOES 1–50, inclusive,<br><br>　　　　　Defendants. | Case No. 2:13-cv-05893-ODW(JEMx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

　　　　On August 13, 2013, Defendants filed a Notice of Removal. But after carefully considering the papers filed with the Notice, the Court determines that Defendants have failed to satisfy its burden of establishing federal jurisdiction. The Court therefore **REMANDS** this action to Los Angeles County Superior Court.

　　　　Federal courts are courts of limited jurisdiction, only having subject-matter jurisdiction over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

　　　　A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe § 1441 against a finding of removal jurisdiction, and "[f]ederal

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

For the purposes of complete diversity, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship.").

Defendants' Notice of Removal asserts that "DEFENDANTS are informed and believe that Plaintiff CHARLES RICHARD BARNES was . . . and still is[] a resident and citizen of the State of Georgia." (Notice of Removal ¶ 5.) This appears to be based on Barnes's allegation in his complaint that he is a "resident of the State of Georgia." (Compl. ¶ 1.) But residency allegations alone are inadequate to establish citizenship. A natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship."). And while a party's residence may be prima facie evidence of that party's domicile when an action is *originally* brought in federal court, residency allegations in alone do not suffice to establish citizenship on removal in light of the

strong presumption against removal jurisdiction. *See State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see Kantor*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567. Moreover, Defendants cite no other objective facts to establish that the Millers are domiciled in Iowa, such as "voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

Defendants' allegation that it "is informed and believes" that Barnes is a California citizen is likewise inadequate to establish diversity jurisdiction on removal. On removal, "alleging diversity of citizenship upon information and belief is insufficient." *Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 527 (N.D. Cal. 1963); *see also Kantor*, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

Because Defendants fail to sufficiently establish diversity jurisdiction on removal, the Court **REMANDS** this case to the Los Angeles County Superior Court, case number BC513376. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

August 15, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**